**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIMOTHY E. WEBB, | )<br>) |
| Plaintiff, | )<br>) 3:17-cv-00427-RCJ-CBC |
| vs. | )<br>) |
| ROMEO ARANAS et al., | ) **ORDER**<br>) |
| Defendants. | )<br>) |

This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The Court now screens the Complaint under 28 U.S.C. § 1915A.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Timothy Webb is a prisoner in the custody of the Nevada Department of Corrections. He alleged constitutional violations against various Defendants arising out of events at Warm Springs Correctional Center. He alleges deliberate indifference under the Eighth Amendment against several Defendants based on their refusal to treat his Hepatitis C Virus ("HCV") beyond monitoring it.

**II.     LEGAL STANDARDS**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim, or seek

monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A(b). This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**III.    ANALYSIS**

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Assuming the medical need is "serious," a plaintiff must show that the defendant acted with deliberate indifference to that need. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). It entails something more than medical malpractice or even gross negligence. *Id.* Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate

health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).

Critically, "a difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). Instead, to establish deliberate indifference in the context of a difference of opinion between a physician and the prisoner or between medical providers, the prisoner "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* at 988 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). In other words, where there has been some arguably appropriate treatment, deliberate indifference cannot be established merely by showing disagreement with the physician but only by showing that the defendant chose a course of treatment knowing that it was inappropriate. Put differently, a court cannot substitute its judgment for that of a medical professional, but it can examine a medical professional's good faith in selecting a course of treatment.

A "blanket" policy of non-treatment for a given condition can constitute deliberate indifference where the policy is applied to supersede contrary medical indications. *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) ("[Plaintiff] was denied treatment for his

monocular blindness solely because of an administrative policy, *even in the face of medical recommendations to the contrary*. A reasonable jury could find that Colwell was denied surgery, not because it wasn't medically indicated, not because his condition was misdiagnosed, not because the surgery wouldn't have helped him, but because the policy of the NDOC is to require an inmate to endure reversible blindness in one eye if he can still see out of the other. This is the very definition of deliberate indifference." (emphasis added)).

Here, the policy at issue is not alleged to be contrary to medical recommendations; rather, the policy is itself a medical treatment standard. Plaintiff alleges no application of a policy of non-treatment for HCV despite medical recommendations to the contrary in his case, as in *Colwell*. Rather, he alleges application of a policy of non-treatment for his HCV because his AST Platelet Ratio Index ("APRI") score was under 2.0, i.e., the application of a medical standard with which he simply disagrees. Permitting Plaintiff to attack that medical standard as inappropriate under the guise of deliberate indifference would be to impermissibly constitutionalize a medical negligence claim. Such a rule would make all "blanket" treatment standards that medical professionals rely on suspect under the Eighth Amendment. Plaintiff does not allege, as in *Colwell*, that any Defendant opined that treatment was medically necessary to prevent objectively serious harm yet refused to treat him based on the APRI score policy.

Plaintiff argues in the Complaint that an increased APRI score must reflect increased liver damage, even if it does not yet rise to 2.0, and that failure to treat his HCV where his APRI score has risen (from 0.49 in July 2016 to 0.75 in May 2017) is therefore deliberate indifference. But the claim that an increased APRI score necessarily indicates interim or imminent liver damage is an unjustified assumption. The APRI score is a numerical diagnostic tool based on laboratory tests. Neither Plaintiff nor the Court are experts qualified to opine on the medical significance of an APRI score. The courts to address APRI scores in the context of deliberate

indifference claims based on non-treatment of HCV have nearly all ruled that there is no subjective indifference in the sense of the Eighth Amendment so long as whatever treatment guidelines an institution has established based on APRI scores are followed and a patient with HCV is at least further monitored. *Dawson v. Archambeau*, No. 16-cv-489, 2018 WL 1566833, at *2, 8, 11 & n.11 (D. Colo. Mar. 30, 2018); *Roy v. Lawson*, No. 2:17-cv-9, 2018 WL 1054198, at *3–4, 7 (S.D. Tex. Feb. 26, 2018); *Walton v. Person*, No. 1:16-cv-157, 2017 WL 2807326, at *5–6 (S.D. Ind. June 28, 2017); *Gordon v. Schilling*, No. 7:15-cv-95, 2016 WL 4768846, at *4, 6 & n.4 (W.D. Va. Sept. 13, 2016); *Melendez v. Fla. Dep't of Corr.*, No. 3:15cv450, 2016 WL 5539781, *3, 6–7 (N.D. Fla. Aug. 30, 2016). *But see Postawko v. Mo. Dep't of Cor.*, No. 2:16-cv-4219, 2017 WL 1968317 (W.D. Mo. May 11, 2017). Plaintiff does not allege his HCV was not monitored or that his APRI score at some point exceeded 2.0 but Defendants still refused to treat him in contradiction of their own guidelines. Rather, he demands a particular treatment based on his opinion of the significance of his APRI scores. The Court may not in the context of an Eighth Amendment claim substitute Plaintiff's or the Court's opinions for those of Defendants' as to whether continued monitoring versus treatment, e.g., with drugs or surgery, was more appropriate.

The Court therefore dismisses the Complaint, with leave to amend. An amended complaint supersedes (replaces) the original Complaint, so an amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Plaintiff must file the amended complaint within twenty-eight (28) days from the date of this Order, or the Court may dismiss with prejudice without further notice.

## CONCLUSION

IT IS HEREBY ORDERED that a decision on the Application to Proceed in Forma Pauperis (ECF No. 1) is DEFERRED.

IT IS FURTHER ORDERED that the Clerk shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, with leave to amend within twenty-eight (28) days of this Order.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff the approved form for filing a § 1983 complaint, instructions, and a copy of the Complaint (ECF No. 1-1). Plaintiff must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The Court will screen the amended complaint in a separate screening order, which may take several months. If Plaintiff does not timely file an amended complaint, the Court may dismiss with prejudice without further notice.

IT IS SO ORDERED.

DATED: This 6th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge